**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-2138**

_____

TERRELL HERBERT,

Plaintiff - Appellant,

v.

CHAQUEZ T. MCCALL; MCCALL LAW FIRM; KELLI SPENCER,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence. Joseph Dawson, III, District Judge.  (4:23-cv-06242-JD)

_____

Submitted:  May 29, 2025                    Decided:  December 18, 2025

_____

Before RUSHING and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Terrell Herbert, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Herbert appeals the district court's order accepting the magistrate judge's recommendation and dismissing Herbert's legal malpractice claim. On August 9, 2024, the magistrate judge recommended granting Defendants' motion to dismiss and dismissing Herbert's civil complaint, with notice to Herbert to file objections to the recommendation within fourteen days after service of the report, and, providing that failure to timely object would result in the waiver of his right to appeal from a judgment based on that recommendation. On August 9, 2024, the magistrate judge's report was mailed to the Palmetto Street address listed for Herbert on the district court's docket. By letter dated September 15, 2024, Herbert notified the district court that he had been detained at the Florence County Detention Center since August 9, 2024, and he asked the court to direct all mail to the new address. There is no indication on the docket sheet that the magistrate judge's report was sent to Herbert's new address. Herbert did not file objections to the magistrate judge's report. On October 23, 2024, the district court, finding that Herbert failed to object to the magistrate judge's report, accepted the magistrate judge's recommendation, and dismissed Herbert's complaint.

On appeal, Herbert reasserts the merits of his civil complaint and expresses confusion as to the timing of the district court's dismissal order. A party who fails to timely object to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations by the district court and generally forfeits appellate review of those determinations on appeal. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see* 28 U.S.C. § 636(b)(1). However, the waiver of

2

appellate rights for failure to object is a prudential rule, not a jurisdictional requirement. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). And, when a litigant proceeds pro se, he must be accorded fair notice of the consequences of failing to object before he is barred from appellate review. *Wright*, 766 F.2d at 846-47.

Here, the magistrate judge's report clearly warned that failure to timely file specific, written objections would result in a waiver of appellate rights. Thus, the report contained an appropriate notice of appellate waiver. However, we cannot conclusively determine from the record whether Herbert received a copy of the magistrate judge's report. The record reflects that Herbert notified the district court of his new address and informed the court that he had been incarcerated since August 9, 2024, the same day that the magistrate judge's report was sent to Herbert's pre-incarceration address. There is no indication in the record that the report was forwarded to Herbert's new address.

Accordingly, we deny Herbert's motion to compel answers, vacate the judgment of the district court and remand for the court to determine whether Herbert received the magistrate judge's recommendation, and to conduct such further proceedings as may be appropriate.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3